**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE C. WASHINGTON,  )<br>            Petitioner, )<br>   v.  )<br>PAUL COPENHAVER, Warden, )<br>Federal Corrections Institution, )<br>Dublin, THE BUREAU OF )<br>PRISONS, et al.,  )<br>            Respondents. )<br>_____ ) | No. C 09-2491 MMC (PR)<br>**ORDER OF DISMISSAL; DENYING MOTION FOR EMERGENCY FURLOUGH**<br>**(Docket No. 2)** |

On June 4, 2009, petitioner, a federal prisoner currently incarcerated at the Federal Corrections Institution ("FCI"), Dublin, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner challenges the decision by the FCI Warden, as upheld by the Regional Director of the Bureau of Prisons ("BOP") and the Central Office of the BOP, in Washington, D.C., to deny petitioner's transfer to a Residential Reentry Center ("RRC") until such time as only six months of her sentence remain. Specifically, petitioner claims that pursuant to the BOP's authority under the Second Chance Act, respondents should exercise their discretion to transfer her to an RRC for a period beginning twelve months before the expiration of her sentence. For the reasons

---

[1] As petitioner is incarcerated within the Northern District of California and her petition challenges the execution of her federal sentence, venue is proper in this district. See Dunne v. Henman, 875 F.2d 244, 249-50 (9th Cir. 1989).

discussed below, the Court will dismiss the petition as moot.

## DISCUSSION

A.  Applicable Law

The BOP has the authority, under 18 U.S.C. § 3261(b), to designate the location of an inmate's imprisonment.  Prior to December 13, 2002, the BOP's policy was to exercise its discretion in allowing prisoners to serve part or all of their imprisonment in an RRC.  Rodriguez v. Smith, 541 F.3d 1180, 1182 (9th Cir. 2008).  As of December 13, 2002, the Department of Justice Office of Legal Counsel ended that practice by issuing a legal opinion that § 3621(b) does not authorize inmate placement in an RRC for an entire term, for the reason that such placement does not constitute imprisonment.  Id.

In the light of the above-referenced opinion, the BOP, on December 20, 2002, changed its policy, by limiting an inmate's eligibility for placement in an RRC to the shorter of either six months or the final ten percent of the inmate's sentence.  Id.  Subsequently, that policy was invalidated by the First and Eighth Circuits, which found the policy failed to recognize the BOP's discretion to transfer inmates at anytime to an RRC.  Id.  In response, the BOP decided to "exercise its discretion categorically to limit inmates' community confinement to the last ten percent of the prison sentence being served, not to exceed six months."  Id. (quoting 69 Fed. Reg. 51213).  In 2005, that BOP rule was codified at 28 C.F.R. §§ 570.20 and 570.21.  Id.

On April 9, 2008, the Second Chance Act was signed into law, authorizing the BOP to consider placing inmates in an RRC for up to the final twelve months of their sentence.  18 U.S.C. § 3624.  On September 4, 2008, the Ninth Circuit decided Rodriguez, supra, holding the rules published by the BOP at 28 C.F.R. §§ 570.20 and 570.21 conflicted with the Congressional intent of 18 U.S.C. § 3621(b), which statute sets forth five factors the BOP must consider when making placement and transfer decisions.  See Rodriguez, 541 F.3d at 1186.  As determined by the Ninth Circuit, inmates must be considered for RRC placement based on the five factors of § 3621(b) and, consequently, the BOP cannot reference 28 C.F.R. §§ 570.20 and 570.21 in considering an inmate for RRC placement.  Id. at 1189.

B.    Petitioner's Claim

In the instant petition, petitioner claims the BOP has violated its own rules and regulations by refusing to grant her a discretionary transfer to an RRC. According to the documents attached to the petition, petitioner was convicted of bank robbery, possession of a firearm in furtherance of a bank robbery, and aiding and abetting. She began serving her 125-month sentence on May 2, 2002, and her projected release date is August 9, 2010.

In December 2008, petitioner submitted to the Warden at FCI a request for consideration for early release to an RRC under the Second Chance Act. In particular, petitioner objected to the fact that she had been granted placement in an RRC for only six months prior to her release, rather than the full twelve months allowed under the Second Chance Act; petitioner claimed such decision had been based on the BOP's consideration of factors developed by the staff at FCI, not the criteria set forth at 18 U.S.C. § 3621. (Ex. 2, Request for Administrative Remedy.) The Warden responded that the BOP had considered the criteria set forth at 18 U.S.C. § 3621 and had determined "[petitioner's] RRC placement is of sufficient duration to provide [her] the greatest likelihood of successful reintegration into the community." (Ex. 2, Administrative Remedy Response.) In light of such determination, petitioner's request was denied.

In January 2009, petitioner appealed the Warden's denial to the Regional Director, claiming the Warden had not provided her with any rationale as to why she was to be granted placement in an RRC only six months prior to her release. (Ex. 2, Regional Administrative Remedy Appeal.) On February 20, 2009, Robert E. McFadden ("McFadden"), the Regional Director, denied petitioner's appeal on the following grounds:

> The Unit Team has made an individualized determination regarding your RRC placement to address your transitional needs. A careful review of your case in accordance with the Second Chance Act reveals that six months in an RRC is of sufficient duration to provide a successful reintegration into society. Upon release, you intend to reside with your family in Ohio, which is your former state of residence. Prior to incarceration, you obtained your Master's Degree in technical Education/Guidance and were employed as a teacher and school counselor. These skills will assist greatly in seeking and maintaining employment after release  Although you earned in excess of $1380.40 over the past six months, you have depleted your account below $20.00. This is not consistent with the saving of release funds to assist with the transition to the

3

community. Based upon all of these factors, we concur with the Warden's recommendation of a six month placement in an RRC. Institution staff have utilized Program Statement 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedure, and the criteria set forth in the Second Chance Act of 2007 in making this decision.

(Ex. 2, Regional Director's Response.)

Additionally, the Warden, on February 23, 2009, responded to petitioner's appeal to the Regional Director, explaining that the Unit Team had conducted an individualized review of petitioner's eligibility for RRC placement under the Second Chance Act, and had applied the criteria of 18 U.S.C. § 3621(b) to reach its determination that petitioner's RRC placement was proper. (Ex. 2, Response to Letter.)

In March 2009, petitioner appealed to the Central Office at the national level, claiming she had wrongly been denied twelve months of release to an RRC under the Second Chance Act; in particular, petitioner asserted, none of the facts relied upon by the Regional Director were relevant to that determination. (Ex. 2, Central Office Administrative Remedy Appeal.) On April 29, 2009, Harrell Watts, Administrator of National Inmate Appeals, denied petitioner's appeal, concluding that "[petitioner's] RRC placement needs were assessed by the unit team in a manner consistent with the requirements of the Second Chance Act of 2007, Public Law 110-199, and 28 CFR Part 570." (Ex. 2, National Inmate Appeals Response.)

In the instant petition, petitioner contends the BOP wrongly determined she should not be placed in an RRC for a period of twelve months prior to her release date, in that she has complied with all of the requirements for RRC placement.[2] She asks the Court to order that

---

[2] Petitioner has attached to her petition, in addition to the documents discussed above, documents evidencing administrative appeals she filed with the Warden and the Regional Office contesting the denial of her request for early release pursuant to the Residential Drug Abuse Program ("RDAP"), codified at 18 U.S.C. § 3621(e). Petitioner does not expressly argue in her petition that she has been wrongly denied early release pursuant to RDAP, nor does she claim she has fully exhausted her administrative remedies with respect to such claim. Further, the documents attached to the petition show that as of the date petitioner filed the instant petition she had not yet received a response from the Central Office to her RDAP appeal. Consequently, to the extent petitioner might be attempting to assert herein a claim that she is entitled to release under RDAP, such claim is unexhausted and will not be considered by the Court. See 28 C.F.R. § 542.10 (setting forth procedures inmates must

4

she be released to an RRC on August 9, 2009, i.e., one year before her release date of August 9, 2010.

Petitioner's claim for relief is without merit, for the reason that the petition is subject to dismissal as moot. Article III, § 2, of the Constitution requires the existence of a case or controversy throughout all stages of federal judicial proceedings. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). In order to satisfy the case-or-controversy requirement, a habeas petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (internal quotation and citation omitted).

As noted, petitioner claims herein that the BOP wrongly determined she should be allowed only six, rather than twelve, months of RCC placement prior to her release date. As further noted, the BOP has sole discretion to place an inmate in "any available penal or correctional facility" and to "direct the transfer of an inmate from one penal or correctional facility to another" at any time. 18 U.S.C. § 3621(b); Rodriguez, 541 F.3d at 1185. The only limitation with respect to that discretion is that the BOP must make an individualized determination of an inmate's placement in an RRC, and do so based on the five-factor criteria of 18 U.S.C. § 3621(b). 18 U.S.C. § 3621(b); 18 U.S.C. § 3624(c). In the instant case, it is clear from the documents attached to the petition that petitioner received the individualized consideration required under, and in compliance with, 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c). Further, as required by Ninth Circuit law and BOP policy, that consideration was without reference to 28 C.F.R. §§ 570.20 and 570.21.

Although petitioner may not obtain as much time in an RRC as she might desire, she has already received the only relief a court properly could order, specifically, an individualized determination in compliance with 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c). Accordingly, the petition will be dismissed as moot. See, e.g., Tanner v. Deboo,

---

follow to exhaust BOP administrative remedies); Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001) (holding habeas petitioners must exhaust available judicial and administrative remedies before seeking relief under 28 U.S.C. § 2241).

5

No. CIV S-07-123 FCD CHS P, 2009 WL 1026027, *3-4 (E.D. Cal. Apr. 15, 2009) (finding challenge to BOP's decision to place inmate in RRC for final six months of term moot where BOP had given individualized consideration of factors in accordance with §§ 3621 and 3624); <u>Delpit v. Sanders</u>, No. CV 07-7879 DSF (RC), 2008 WL 5263825, *2 (C.D. Cal. Dec. 15, 2008) (same). Further, as the Court is not ordering petitioner's early release to an RRC, the Court will deny petitioner's request that the Court recommend to prison officials that, upon such early release, petitioner be allowed a seven-day emergency furlough to visit her family.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The petition is hereby DISMISSED as moot.

2. Petitioner's request for an emergency furlough is hereby DENIED. (Docket No. 2.)

This order terminates Docket No. 2.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: June 24, 2009

MAXINE M. CHESNEY
United States District Judge

6