United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE C. WASHINGTON, ) | No. C 09-2491 MMC (PR) |
| ) | |
| Petitioner, ) | **ORDER DENYING MOTIONS FOR CLARIFICATION AND RECONSIDERATION** |
| ) | |
| v. ) | |
| ) | |
| PAUL COPENHAVER, Warden, ) Federal Corrections Institution, ) | **(Docket Nos. 8, 9)** |
| Dublin, THE BUREAU OF ) PRISONS, et al., ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

On June 4, 2009, petitioner, a federal prisoner currently incarcerated at the Federal Corrections Institution ("FCI"), Dublin, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenged the decision by the FCI Warden, as upheld by the Regional Director of the Bureau of Prisons ("BOP") and the Central Office of the BOP, in Washington, D.C., to deny petitioner's transfer to a Residential Reentry Center ("RRC") until such time as only six months of her sentence remain. Specifically, petitioner claimed that pursuant to the BOP's authority under the Second Chance Act, respondents should exercise their discretion to transfer her to an RRC for a period beginning twelve months before the expiration of her sentence.

By order filed June 24, 2009, the Court dismissed the petition on the ground petitioner's claim is moot. In so doing, the Court thoroughly reviewed the applicable law and detailed the facts underlying petitioner's claim. The Court then applied the law to the facts, ruling as follows:

> In the instant petition, petitioner contends the BOP wrongly determined she should not be placed in an RRC for a period of twelve months prior to her release date, in that she has complied with all of the requirements for RRC placement. [Footnote omitted.] She asks the Court to order that she be released to an RRC on August 9, 2009, i.e., one year before her release date of August 9, 2010.
>
> Petitioner's claim for relief is without merit, for the reason that the petition is subject to dismissal as moot. Article III, § 2, of the Constitution requires the existence of a case or controversy throughout all stages of federal judicial proceedings. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). In order to satisfy the case-or-controversy requirement, a habeas petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (internal quotation and citation omitted).
>
> As noted, petitioner claims herein that the BOP wrongly determined she should be allowed only six, rather than twelve, months of RCC placement prior to her release date. As further noted, the BOP has sole discretion to place an inmate in "any available penal or correctional facility" and to "direct the transfer of an inmate from one penal or correctional facility to another" at any time. 18 U.S.C. § 3621(b); Rodriguez [v. Smith], 541 F.3d [1180], 1185 [(9th Cir. 2008)]. The only limitation with respect to that discretion is that the BOP must make an individualized determination of an inmate's placement in an RRC, and do so based on the five-factor criteria of 18 U.S.C. § 3621(b). 18 U.S.C. § 3621(b); 18 U.S.C. § 3624(c). In the instant case, it is clear from the documents attached to the petition that petitioner received the individualized consideration required under, and in compliance with, 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c). Further, as required by Ninth Circuit law and BOP policy, that consideration was without reference to 28 C.F.R. §§ 570.20 and 570.21.
>
> Although petitioner may not obtain as much time in an RRC as she might desire, she has already received the only relief a court properly could order, specifically, an individualized determination in compliance with 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c). Accordingly, the petition will be dismissed as moot. See, e.g., Tanner v. Deboo, No. CIV S-07-123 FCD CHS P, 2009 WL 1026027, *3-4 (E.D. Cal. Apr. 15, 2009) (finding challenge to BOP's decision to place inmate in RRC for final six months of term moot where BOP had given individualized consideration of factors in accordance with §§ 3621 and 3624); Delpit v. Sanders, No. CV 07-7879 DSF (RC), 2008 WL 5263825, *2 (C.D. Cal. Dec. 15, 2008) (same). Further, as the Court is not ordering petitioner's early release to an RRC, the Court will deny petitioner's request that the Court recommend to prison officials that, upon such early release, petitioner be allowed a seven-day emergency furlough to visit her family.

(Order, filed June 24, 2009, at 4:19-6:8.)

On June 29, 2009, petitioner filed a motion for clarification of the Court's ruling. The motion is based on petitioner's disagreement with the Court's ruling, and is supported by essentially the same arguments made in the petition. The motion is hereby DENIED. The

Court's order of dismissal speaks for itself and requires no further clarification.

On July 7, 2009, petitioner filed a motion for reconsideration of the order of dismissal. The motion is based on petitioner's argument that the Court erred in dismissing the petition as moot because: (1) the Court failed to consider whether petitioner is eligible for transfer to an RRC because she has completed 90% of her sentence; (2) the Court wrongly deferred to the BOP's determination that petitioner was not eligible for transfer to an RRC based on the BOP's consideration of the five factors set forth at 18 U.S.C. § 3624(c); and (3) the Court wrongly determined that the petition was moot based on the BOP's having given individualized consideration to petitioner's request for transfer to an RRC in accordance with 18 U.S.C. §§ 3621 and 3624.

Where, as here, the Court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Rule 59(e) is inapplicable to petitioner's motion because the motion was submitted after the time for filing such a motion had passed. See Fed. R. Civ. P. 59(e) (providing motion must be filed no more than ten days following entry of judgment).[1] Under Rule 60(b), a movant may seek relief from a final judgment for six reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. See Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

The Court finds petitioner is not entitled to reconsideration based on any of the above-stated reasons for relief. Petitioner's first argument, that the Court, in addition to considering petitioner's argument that she was wrongly denied transfer to an RRC under the Second Chance Act, failed to consider whether petitioner was eligible for release because she had completed 90% of her sentence, is without merit, for at least two reasons. First, such

---

[1] Specifically, the order of judgment was filed on June 24, 2009, and petitioner signed and dated her motion for reconsideration on July 7, 2009. (Docket No. 9.)

3

argument is not expressly raised in the petition or the administrative appeals attached thereto, wherein petitioner claims only that she was wrongly denied release under the Second Chance Act. Further, even if, as petitioner argues, the BOP is required to apply less demanding criteria when considering for transfer to an RRC an inmate who has completed 90% of her sentence, petitioner, at the time she applied to the BOP for transfer to an RRC, had served only 75% of the 125-month sentence she began serving in 2002. (See Pet. Ex. 2 (Administrative Remedy Response from Warden Copenhaver, dated Dec. 31, 2008, noting, in response to petitioner's request for RRC placement under the Second Chance Act: "You state you meet the criteria for a halfway house based on your age, you are a first time offender, you have [a] nonviolent history and you have served 75% of your sentence.").) There is no evidence to support petitioner's argument that she was eligible for consideration under the criteria applicable to inmates who have served 90% of their sentence.

Additionally, petitioner's second and third arguments for reconsideration, that the Court wrongly deferred to the BOP's application of the five eligibility factors under § 3621 and found that such application renders the instant petition moot, are based on disagreements with the Court's legal reasoning. Mere dissatisfaction with a court's order, however, or a belief that the court is wrong in its decision, are not adequate grounds for relief under Rule 60(b). Twentieth Century - Fox Film Corp.v.Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

Accordingly, for the foregoing reasons, petitioner's motion for reconsideration is hereby DENIED. (Docket No. 9.)

This order terminates Docket Nos. 8 and 9.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: August 13, 2009

MAXINE M. CHESNEY
United States District Judge

4